KAREN P. HEWITT
United States Attorney
EUGENE S. LITVINOFF
Assistant U.S. Attorney
California State Bar No. 214318
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5790 / (619) 235-2757 (Fax)
Email: Eugene.Litvinoff2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID OSVALDO CRUZ-ZAVALA,<br><br>Defendant. | Criminal Case No. 07CR3468-BEN<br><br>Date: February 4, 2008<br>Time: 2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO:<br><br>(1) COMPEL DISCOVERY AND PRESERVE EVIDENCE; AND<br>(2) LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTIONS FOR:<br><br>(1) RECIPROCAL DISCOVERY; AND<br>(2) FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Eugene S. Litvinoff, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of the above-captioned defendant and hereby files its Motions For Reciprocal Discovery and Fingerprint Exemplars. This Response and Opposition and Motions For Reciprocal Discovery and Fingerprint Exemplars is based upon the files and records of this case.

## I

## INDICTMENT

On November 26, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging DAVID OSVALDO CRUZ-ZAVALA ("Defendant") with attempted illegal reentry after deportation, in violation of Title 8, United States Code, Section 1326. On December 27, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A. IMMIGRATION HISTORY

Defendant is a Mexican citizen who was ordered deported after a hearing before an immigration judge on May 9, 2007. Defendant was physically removed from the United States, by foot, through San Ysidro, California on May 11, 2007.

### B. RAP SHEET SUMMARY CHART

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 1/26/2006 | Oregon State Court, Lane City | Oregon Revised Statutes (ORS) 475.992 – Deliver/Manufacture of a Controlled Substance (felony) | 19 months |
| 12/6/1995 | Oregon State Court, Linn City | ORS 164.354 – Criminal Mischief, 2nd Degree (misd.) | 2 days; 3 years prob. |
| 10/8/1993 | Oregon State Court, Albany | ORS 164.365 – Criminal Mischief, 1st Degree (misd.) | 2 days; 5 years prob. |
| 7/20/1992 | Oregon State Court, Albany | ORS 163.190 – Menacing (misd.) | 2 days; 2 years prob. |
| 5/19/1992 | Oregon State Court, Linn City | ORS 163.355 – Rape, 3rd Degree – Victim Under 16 years of Age (felony)<br><br>Probation Violation | 180 days; 3 years prob.<br><br>5 days |
| 3/25/1991 | Oregon State Court, Albany | ORS 163.160 – Assault, 4th Degree (misd.) | 10 days |
| 8/16/1990 | Oregon State Court, Linn City | ORS 471.410 – Give Liquor to Minor / Intox. Person (misd.) | 45 days |

**C. INSTANT OFFENSES**

**1. Apprehension**

On November 26, 2007, at approximately 5:05 p.m., United States Border Patrol Agent Christian Llamas was performing assigned patrol linewatch duties in the Imperial Beach area when he responded to a service radio call by an infrared scope operator of an individual heading northbound from an area known as "East Smugglers". East smugglers is approximately 3 miles west of the San Ysidro, California Port of Entry and about 100 yards north of the international boundary between the United States and Mexico. Within a couple of minutes, Agent Llamas encountered Defendant attempting to conceal himself in some dense brush.

**2. Field Statement**

Agent Llamas identified himself to Defendant as a U.S. Border Patrol Agent. Defendant was questioned as to his citizenship and nationality; he stated that he is a citizen and national of Mexico. Defendant was also asked if he was in possession of any documents allowing him to enter or remain in the United States legally. Defendant stated that he did not have any such documents. Defendant was transferred to the Imperial Beach Border Patrol Station for further processing.

**3. Advice of Rights**

Defendant was advised of his Miranda rights, in Spanish, at approximately 9:51 p.m. on November 26, 2007. He agreed to provide a statement, which was recorded by digital video.

Defendant admitted to being a citizen and national of Mexico. He stated that he had been previously ordered removed from the United States by an Immigration Judge and that he has not asked the Attorney General for permission to enter into the United States after being removed. Defendant also stated that he was heading up to Oregon.

/ /

/ /

/ /

/ /

/ /

## III

## POINTS AND AUTHORITIES

### A. THE GOVERNMENT WILL CONTINUE TO COMPLY WITH ALL ITS DISCOVERY OBLIGATIONS

The Government intends to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government has made approximately 39 pages of discovery and a DVD recording available to the defense. The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

**(1) Brady Material**

The United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-75 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**(2) Proposed 404(b) and 609 Evidence**

Should the United States seek to introduce any similar act evidence pursuant to Federal Rule of Evidence 404(b), or prior convictions pursuant to Rule 609, the United States will provide Defendant with official notice of its proposed use of such evidence and information about such bad acts or prior convictions at the time the United States' trial memorandum is filed.

In an abundance of caution, the United States hereby notices Defendant that it intends to introduce evidence of his 2006 Oregon State felony conviction for Deliver/Manufacture of a Controlled Substance, as well as his 1992 Oregon State felony conviction for 3rd Degree Rape. The United States also intends to introduce the facts underlying any prior immigration-related apprehensions and/or prior deportations and removals.

**(3) Preservation of Evidence**

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules. However, the United States objects to any blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

**(4) The Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of Defendant's written and videotaped statements

that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

/ /

**(5) <u>Tangible Objects</u>**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984).

**(6) <u>Expert Witnesses</u>**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those opinions.

**(7) <u>Witness Addresses</u>**

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. <u>See</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>United States v. Dishner</u>, 974 F.2d 1502, 1522 (9th Cir 1992) (citing <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. <u>See</u> <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). The Government is not aware of any "tips" provided by anonymous or identified persons that resulted in Defendant's arrest.

The Government objects to any request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

**(8) Jencks Act Material**

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(9) Informants and Cooperating Witnesses**

At this time, the Government is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial

to the defense. Roviaro v. United States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an in-chambers inspection to determine whether disclosure of the informant's identity is required under Roviaro. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). If the Government determines that there is a confidential informant somehow involved in this case, the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection.

**(10) Specific Request**

The United States does not oppose this request. The Government will work with defense counsel to come to a mutually agreeable time to inspect Defendant's A-File at the United States Attorney's Office.

**(11) Residual Request**

The Government has already complied with Defendant's request for prompt compliance with its discovery obligations. The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

**B. THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS, SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

The Government does not object to the granting of leave to file further motions as long as the order applies equally to both parties and any additional defense motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion.

## IV

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

**A. ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to

Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B. <u>RECIPROCAL JENCKS – STATEMENTS BY DEFENSE WITNESSES</u>**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**V**

**<u>GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS</u>**

As part of its case, the United States must prove that Defendant was previously deported from the United States. To prove this element, the United States anticipates calling a certified fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the warrants of deportation and other deportation documents. A number of chain of custody witnesses could be eliminated, and judicial resources conserved, by permitting the Government's expert to

take Defendant's fingerprints himself. The Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Further, using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

## VI

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motions for reciprocal discovery and fingerprint exemplars.

DATED: January 24, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Eugene S. Litvinoff

EUGENE S. LITVINOFF
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Eugene.Litvinoff2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID OSVALDO CRUZ-ZAVALA,<br>Defendant. | ) | Case No. 07CR3468-BEN<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, EUGENE S. LITVINOFF, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I have caused service of **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS and GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1. Zandra L. Lopez, Esq.**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2008.

/s/ Eugene S. Litvinoff
EUGENE S. LITVINOFF